## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SCOTT MAGEE, on behalf of himself and other persons similarly situated<br><br>     Plaintiff,<br>v.<br><br>HORNAK INC.,<br><br>     Defendant. | Case Number:<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br>  1. Negligent Violations of the Telephone Consumer Protection Act [47 U.S.C. § 227, *et seq.*]<br><br>  2. Willful Violations of the Telephone Consumer Protection Act [47 U.S.C. § 227, *et seq.*]<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Scott Magee brings this class action complaint and demand for jury trial against Defendant Hornak Inc. to stop its practice of making unwanted and unsolicited text message calls to the cellular telephones of consumers nationwide and to obtain redress for all persons injured by its conduct. Plaintiff alleges as follows upon personal knowledge, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### NATURE OF THE ACTION

1.  Defendant owns and manages an online booking service for guest lists at Las Vegas night clubs.

2.  In order to solicit their services and obtain customers for local night clubs, Defendant sends text message advertising calls to consumers' cellular telephones.

3.      Defendant initiates or takes steps necessary to physically place such text message advertising calls using an automated telephone dialing system and/or are so involved in placing the calls as to be deemed to initiate them.

4.      Defendant does not obtain prior express written consent from such consumers to make such text message calls and therefore violates the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

5.      Defendant also violates the TCPA by failing to clearly state the legal name of the business that is responsible for initiating such calls and by failing to provide an automated, interactive voice-and/or key press-activated opt-out mechanism for the called person to make a do-not-call request.

6.      The TCPA was enacted to protect consumers from unsolicited and unwanted calls, exactly like those alleged in this case. Defendant makes these text message calls despite the fact that neither Plaintiff nor the other members of a putative Class of consumers (defined below) provide Defendant with their prior express written consent to receive such text messages.

7.      By sending spam text messages, Defendant violates the privacy and statutory rights of Plaintiff and the Class and causes them harm, not only by subjecting them to the aggravation that necessarily accompanies the receipt of unsolicited spam text messages, but also because consumers frequently have to pay their wireless providers for the receipt of such unsolicited text message calls.

8.      As a result, Plaintiff, on behalf of himself and the putative Class, seeks an injunction requiring Defendant to cease all unlawful text messaging activities alleged in this Complaint, and an award of statutory damages to Plaintiff and the Class for each such violation, together with costs and reasonable attorneys' fees.

2

## PARTIES

9.      Plaintiff is a natural person and citizen of the state of Louisiana.

10.     Defendant Hornak Inc. is a Las Vegas-based, for-profit corporation. Hornak Inc. conducts business in Louisiana and throughout the United States.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 for Plaintiff's claims arising under the federal Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, *et seq.*

12.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 (b)-(c) and 1441(a) because a substantial part of the events giving rise to the claim occurred in this District.

## COMMON FACTUAL ALLEGATIONS

13.     In an effort to solicit more customers, Defendant sent, or had sent on their behalf, unsolicited text message advertising calls, without prior express written consent, to cellular telephones while using automatic telephone dialing equipment having the capacity to store and dial telephone numbers, *en masse*. As a result, Defendant has repeatedly violated the TCPA.

14.     Given the relatively low cost associated with sending bulk text messages, many businesses have turned to disseminating advertising calls or promotions through mass text message campaigns.

15.     Seeking to market their services to consumers and, in turn, grow the customer base for affiliated night clubs, Defendant engaged in this especially invasive form of advertising.

16.     Defendant made unauthorized text messages to the phones of thousands of consumers. Specifically, Defendant initiated or took steps necessary to physically place such text

message advertising calls using an automated telephone dialing system and/or were so involved in placing the texts as to be deemed to have initiated them.

17.     The nature of the text message calls sent by Defendant indicates that it used an automatic telephone dialing system ("ATDS"). Specifically, the hardware and/or software used by Defendant has the capacity to store, produce, and dial random and sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse,* in an automated fashion without human intervention. Defendant's automated dialing equipment includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous text message calls simultaneously (all without human intervention).

18.     The text message advertising calls alleged herein were exclusively made by Defendant. Defendant made, or had made on their behalf, the same (or substantially the same) text message calls *en masse* to thousands of cellular telephone numbers.

19.     While Defendant sent these unauthorized text message calls to consumers to market their services, it never obtained recipients' express written consent to do so. Specifically, Defendant did not send such text messages pursuant a written agreement that included any or all of the following:

    a.   A legally-recognized signature from recipients;

    b.   Clear and conspicuous authorization for Defendant to deliver advertising messages via autodialed calls or robocalls/robotexts;

    c.   Language indicating that recipients were not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services; or

     d.   The telephone number to which recipients signed and authorized advertisements or advertising messages to be delivered.

20.    Moreover, Defendant violated the TCPA by failing to clearly state the legal name of the business responsible for initiating such calls and failing to provide an automated, interactive voice-and/or key press-activated opt-out mechanism for the called person to make a do-not-call request.

21.    Through their conduct, Defendant caused consumers actual harm by sending the unsolicited text message calls at issue. Plaintiff and members of the Class were not only subjected to the aggravation that necessarily accompanies the receipt of unauthorized text messages, but also because consumers frequently have to pay their cell phone service providers for the receipt of such unauthorized text messages.

22.    Moreover, Plaintiff and members of the Class suffered injuries in the form of invasion of privacy and violations of their statutory rights, the monies paid to receive Defendant's unsolicited text messages, the diminished value and utility of their telephone equipment and telephone subscription service (i.e. the value of such equipment and services is higher when unencumbered by repeated and harassing text messages), the amount of time lost answering and fielding unwanted telemarketing text messages, the wear and tear on their telephone equipment, the loss of battery (which becomes diminished with each incoming phone call), the loss of battery life (which has a finite number of charging cycles), and electricity costs required to recharge their cellular phones.

## FACTS SPECIFIC TO PLAINTIFF MAGEE

23.    Defendant Hornak Inc. sent multiple text message calls from an SMS-enabled phone number, 845-641-3880, to Plaintiff's cellular telephone number.

24.     The text message calls at issue did not include an automated mechanism for Plaintiff to opt out of receiving such calls.

25.     The sender is identified in the text message call at issue as a person named "Luke."

26.     Upon information and belief, "Luke" did not personally initiate the calls at issue.

27.     In fact, the software and/or hardware products or services used by Defendant to send the text message calls through a phone number also provided Defendant with the capacity to store, produce, and dial random and sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention.

28.     Upon information or belief, Defendant created and/or controlled the content of the calls, initiated the calls, took steps necessary to physically place the calls and/or were so involved in placing the calls at issue that they could be considered to have initiated them.

29.     The calls were advertisements because they were sent for the purpose of promoting Defendant's services through its website, LasVegasGuestList.Com, which was linked in all the text message calls at issue.

30.     The calls were not addressed to Plaintiff by name.

31.     Upon information or belief, Plaintiff did not provide prior express written consent to receive any text message calls from Defendant as there was no written agreement between Plaintiff and Defendant that included any or all of the following:

   a.   A legally recognized signature from Plaintiff;

   b.   Clear and conspicuous authorization for Defendant to deliver advertising messages via autodialed calls or robocalls/robotexts;

      c.   Language indicating that Plaintiff was not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services; or

      d.   The telephone number to which Plaintiff signed and authorized advertising messages to be delivered.

32.    Defendant's intrusive text messages adversely affected Plaintiff's right to privacy.

33.    Defendant was and is aware that the above-described text message calls were being made on a widespread basis, and that the text message calls were being made to consumers whom had not consented to receive them.

## CLASS ACTION ALLEGATIONS

34.    **Class Definition:** Plaintiff Magee brings this action on behalf of himself and a class defined as follows:

> **Class:** All individuals in the United States whose wireless telephone number Defendant, or someone on Defendant's behalf, called using an automatic telephone dialing system or an artificial or prerecorded voice without prior express written consent of the called party.

Excluded from the Class are: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

35.    **Numerosity:** The exact number of Class members is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and

belief, Defendant has sent text message advertising calls to thousands of consumers who fall into the definition of the Class. Class members can be identified through Defendant's records.

36.    **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiff and the putative Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

a.   Whether Defendant's conduct violated the TCPA;

b.   Whether Defendant sent text messages using an automatic telephone dialing system ("ATDS"), as contemplated by the TCPA;

c.   Whether Defendant systematically sent text message advertisements to persons who did not previously provide it with prior express written consent to receive such text message calls; and

d.   Whether Plaintiff and the members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

37.    **Typicality:** Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited text message calls.

38.    **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex litigation and class actions. Plaintiff's claims are representative of the claims of the other members of the Class. That is, Plaintiff and the Class members sustained damages as a result of Defendant's conduct and received substantially the same text messages. Plaintiff also has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and

his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Class.

39. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

40. Plaintiff reserves the right to revise the foregoing "Class Allegations" and "Class Definition" based on facts learned through additional investigation and in discovery.

**CAUSE OF ACTION**
**(Violation of 47 U.S.C. § 227, *et seq.* – Telephone Consumer Protection Act)**
**(on behalf of Plaintiff and the Class)**

41. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

42.     In an effort to promote itself and affiliated local night clubs, Defendant made unsolicited and unwanted text message advertising calls to the cellular telephones of Plaintiff and the Class without their prior express consent.

43.     Defendant sent the text message advertising calls to Plaintiff and the Class's cellular telephone numbers using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers *en masse*.

44.     Defendant utilized equipment that sent the text message advertising calls to Plaintiff and other members of the putative Class simultaneously and without human intervention.

45.     By sending the text message advertising calls to Plaintiff and members of the Class's cellular telephones without prior express written consent, and by utilizing an ATDS, Defendant violated 47 U.S.C. § 227(b)(I)(A)(iii).

46.     By failing to clearly state the legal name of the business responsible for initiating such text message advertising calls or provide an automated, interactive voice-and/or key press-activated opt-out mechanism for the called person to make a do-not-call request, Defendant also violated 47 U.S.C.§ 64.1200(b)(1) and (3).

47.     As a result of Defendant's unlawful conduct, Plaintiff and the members of the putative Class suffered actual damages and also have had their rights to privacy adversely impacted. Plaintiff and the Class are therefore entitled to, among other things, a minimum of $500 in statutory damages for each such violation under 47 U.S.C. § 227(b)(3)(B).

48.     Because Defendant's misconduct was willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(b)(3), treble the amount of statutory damages recoverable by the Plaintiff and the other members of the putative Class.

49.     Additionally, as a result of Defendant's unlawful conduct, Plaintiff and the other members of the Class are entitled to an injunction under 47 U.S.C. § 227(b)(3)(A) to ensure that Defendant's violations of the TCPA do not continue into the future.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff Scott Magee, individually and on behalf of the Class, prays for the following relief:

(a)     An order certifying this case as a class action under Fed. R. Civ. P. 23(a) & (b)(3), appointing Plaintiff Scott Magee as Class Representative and his attorneys as Class Counsel;

(b)     Enter a judgment in favor of Plaintiff and the proposed class for all damages available under the TCPA, including $500.00 per violation and up to $1,500.00 per violation if Defendant willfully violated the TCPA;

(c)     An order declaring that Defendant's actions, as set out above, violate the TCPA;

(d)     A declaratory judgment that Defendant's telephone calling equipment constitutes an automated telephone dialing system under the TCPA;

(e)     An order requiring Defendant to disgorge any ill-gotten funds acquired as a result of its unlawful telephone calling practices;

(f)     An injunction requiring Defendant to cease all unsolicited text message activities, and otherwise protecting the interests of the Classes;

(g)     Award Plaintiff and the class all expenses of this action, and requiring Defendant to pay the costs and expenses of class notice and claims administration; and

(h)     Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues for which a jury trial is allowed.

*Respectfully submitted,*

*/s/ William H. Beaumont*
Roberto Luis Costales
William H. Beaumont
BEAUMONT COSTALES LLC
3801 Canal Street, Suite 207
New Orleans, LA 70119
Telephone: (504) 534-5005
*rlc@beaumontcostales.com*
*whb@beaumontcostales.com*